No. 19,446.

BAKER METROPOLITAN WATER AND SANITATION DISTRICT, ET AL. *v.* WARNER BALL, ET AL.

(365 P. [2d] 906)

Decided October 30, 1961.   November 20, 1961, opinion modified and petition for rehearing denied.

Messrs. HACKETHAL AND McNEILL, for plaintiffs in error.

Mr. DONALD D. CAWELTI, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS was a class action by property owners and taxpayers in Park Terrace Addition in Adams County, Colorado, against the Baker Metropolitan Water and Sanitation District to review the action of the district board of directors in assessing their property at the full mill levy at which other property in the district was assessed in the year 1960. We will refer to the parties as the taxpayers and the district.

The procedural questions presented require no determination in view of the manner in which the cause was finally presented to the trial court upon stipulation. Whether the proper rule of procedure was observed or whether the theory upon which the complaint was filed was correct is immaterial since when finally presented to the trial court the proceeding resembled in all respects one in certiorari under Rule 106. Although no transcript of the proceedings of the board of directors of the district was presented or requested, the stipulation of facts agreed to by all parties as to what took place before the board, plus the various resolutions adopted by the board pursuant to petitions of the taxpayers, placed before the court every material fact essential to a review of the action of the board of directors. It appears from the record presented here that the court did, in fact, limit the proceedings to a consideration of whether the board of directors acted arbitrarily and abused its discretion in first adopting a resolution providing for a separate mill levy for Park Terrace, and at a subsequent meeting reversing its action without cause

other than, as quoted in the resolution, "upon the recommendation of our attorney." The pertinent facts recited by the trial court in its findings, based upon the stipulation of the parties, are:

"That on or about June 16th, 1958, the Board of Directors of Baker Metropolitan Water and Sanitation District, commonly referred to as Baker, adopted a resolution on the terms of which all of Park Terrace Addition, except certain lots therein, was annexed to and included within the boundaries of Baker. And that thereafter, Park Terrace Addition received sewer service from Baker at a charge of $2.00 per month, per residence.

"The Court further finds that all of Park Terrace Addition, and the residences situated therein, receive water service from the City of Westminster, and that they were receiving water services at the time of the annexation of the area to Baker; and that no water was furnished by Baker in said area, nor was any water service planned to be served by Baker at that time, or at any future time;

"That a mill levy was levied by the Board of County Commissioners, upon certification thereof by the Baker District, in the amount of 13 mills; which levy was upon all the property in the district, in addition to the service charges imposed for sewer services and water services.

"The Court finds that the annexation of the Park Terrace area to Baker, was upon the *implied condition* that only sewer would be furnished thereto, and *that any mill levy would be based upon the imposition of a levy for sewer services only.* And that the imposition of a mill levy for all services of Baker, both sewer and water, is illegal, confiscatory, and invalid, so far as it places a mill levy upon the property located in Denver Terrace for water services." (Emphasis supplied.)

Other admitted facts, although not stated in the court's findings, are that the board of directors of the district met to consider the particular situation of the taxpayers

in Park Terrace. A public hearing was held, at the conclusion of which the following resolutions were adopted:

"Res. 92-59 — BE IT RESOLVED THAT: Facts and figures pertaining to the problem of the Park Terrace area be submitted to the Board of Directors so that the Board may consider their petition at the next regular meeting, and

"BE IT FURTHER RESOLVED THAT: The budget be amended with the following addendum: A separate mill levy may be established for property located within the Park Terrace Addition, being lower than the mill levy for the remainder of the District, this being due to the fact that only sewer service is furnished in the Park Terrace Addition. This may reduce the total of anticipated tax revenues.

"Res. 93-59 — BE IT RESOLVED THAT: The budget for 1960 be accepted as submitted with the addition of the above quoted addendum."

After the public hearing and the conclusion of the matter favorable to the taxpayers, the board at another meeting, held without notice to the interested parties, adopted a resolution as follows:

"Res. 100-59 — BE IT RESOLVED THAT: The petition from Park Terrace area, requesting the District to set up a special mill levy, be refused upon the recommendation of our attorney."

Ample authority is to be found in the statutes authorizing the board of directors of a water or sanitation district to enter into agreements with taxpayers seeking to annex to the district and imposing specific conditions for such annexation. The statute also recognizes that separate assessments may be made with respect to property in an area receiving services different from that of property in other areas of the district. Here it was determined in advance that Park Terrace would receive sewer services only from the Baker District. At the time of annexation, and continuously since, Park Terrace has obtained its water from Westminster. There are no

water mains of the Baker District, and no other expense incident to the maintenance of its water plant or distribution system chargeable to the Park Terrace area. With this situation in mind, the pertinent paragraph of the statute is to be found in C.R.S. '53, 89-5-22, as follows:

" * * * The cost of extending water or sewer lines into annexed or included territory shall be paid by the owners of property in such territory. If the board determines that bonds should be issued for such cost, it may submit to the qualified taxpaying electors of such annexed or included territory the question of issuing bonds for such purpose. Such question shall be submitted to such electors in the manner provided by sections 89-5-23 to 89-5-27. If a majority of the taxpaying electors voting at said election vote in favor of the question submitted, the board shall issue the bonds so authorized, but taxes for the payment of the cost of extending water or sewer lines into annexed or included territory or for the payment of such bonds and the interest thereon shall be certified and levied on and against the annexed or included property only. *Taxes shall be levied on and against annexed or included property for its proportionate share of annual operation and maintenance charges of the entire district. In addition, in sanitation districts if taxes shall be levied for a main outlet or a sewage disposal plant,* or in water districts if taxes shall be levied for water or water rights or facilities to convey water to the district, *such annexed or included property shall be liable for its proportionate share of the cost thereof and taxes shall be certified and levied therefor.* Nothing in this section shall prevent an agreement between a board and the owners of property sought to be annexed to or included in a district with respect to the terms and conditions on which such property may be annexed or included." (Emphasis supplied.)

The statute grants authority to the district to enter into agreements with annexing land with reference to the service to be supplied and the conditions

upon which it may be annexed or included. It would be manifestly unjust to take in an annexed area upon agreement to supply sewer service only and then assess that area to help defray the expenses of water service to other sections of the district. The annexed property in such circumstances would be paying not only for the cost of sewer services, which was the only service prescribed as a condition of its annexation, but for its own water services from another district, and part of the cost of the water services to other areas of the district in which it has no share and for which it has no use. The court's finding on this point, which we believe correct, was:

"The Court finds that the annexation of the Park Terrace area to Baker, was upon the implied condition that only sewer would be furnished thereto, and that any mill levy would be based upon the imposition of a levy for sewer services only. * * * "

The court in its judgment ruled that the assessment of 13 mills be reduced by half and remanded the cause to the county treasurer with instructions to collect from the taxpayers of Park Terrace only 6.5 mills per $1000.00 of assessed valuation. This the court had no authority to do, it being powerless to make a determination as to the proportionate share of expenses chargeable to Park Terrace. Only the board of directors of the district may make such determination on the basis of the expenses involved.

The judgment of the trial court is ordered modified by vacating its order of remand with respect to a specific mill levy, and entering a new order remanding the matter to the board of directors of the Baker District for determination of a proper mill levy in Park Terrace, to be determined in harmony with this opinion. As so modified the judgment is affirmed.